United States District Court
Southern District of Texas
FILED

NOV 1 0 2015

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Criminal No. **M-15-1652** |
| | § | |
| ELOY INFANTE | § | |
| ELPIDIO YANEZ, JR. | § | |
| JUAN ADRIAN GUERRERO | § | |

## SEALED INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

**18 U.S.C. § 371**
**(Conspiracy to Commit Bribery and Extortion)**

1. At all times relevant to this Indictment:

2. The Donna Independent School District (DISD) was an agency of local government in Donna, Texas, in the Southern District of Texas. The Donna School Board oversaw the management of the DISD, including holding periodic meetings and entering into contracts as necessary.

3. The DISD received federal assistance in excess of $10,000 during the one-year period beginning October 1, 2014.

4. Defendants **ELOY INFANTE** and **ELPIDIO YANEZ, JR.** were two of the seven elected members of the Donna School Board. As such, INFANTE and YANEZ were agents of the DISD, and their duties included acting through the Donna School Board to establish academic performance goals for the public schools in the DISD, adopt an annual budget, monitor the DISD's finances, enter into contracts, and sue or be sued in the name of the DISD.

1

5. Defendant **JUAN ADRIAN GUERRERO** was an associate of INFANTE.

6. Person A was employed with a company that had been awarded a contract with the DISD. This contract was a transaction of the DISD, valued at $5,000 or more. The contract was for a term of three years, but could be canceled at any time by a vote of the Donna School Board.

7. Person A and his company did business in and affecting interstate commerce.

## THE CONSPIRACY AND ITS OBJECTS

8. From in or about February 2015, through in or about May 2015, in the Southern District of Texas and elsewhere, the defendants,

**ELOY INFANTE
ELPIDIO YANEZ, JR.
and
JUAN ADRIAN GUERRERO**

did knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to commit an offense against the United States, that is:

    a. to knowingly obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, by obtaining property not due defendants or their office, from Person A and his company, with Person A's consent, under color of official right, in violation of 18 U.S.C. §§ 1951(a) and 2; and

    b. as agents of the DISD, to corruptly solicit, demand, accept, and agree to accept a thing of value from Person A, for themselves and for the benefit of another, intending to be influenced and rewarded in connection with a transaction and series of transactions of the DISD involving $5,000 or more, in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2.

## PURPOSE OF THE CONSPIRACY

9. The purpose of the conspiracy was for the defendants to use INFANTE and YANEZ's official positions as members of the Donna School Board to benefit and enrich themselves through extortion and bribery.

## MANNER AND MEANS OF THE CONSPIRACY

10. The manner and means by which the defendants and others carried out the conspiracy included, but were not limited to, the following:

11. INFANTE, GUERRERO, and YANEZ solicited and accepted things of value from Person A, including cash and event tickets.

12. INFANTE, using GUERRERO as a middleman, told Person A that his company's contract with the DISD would be canceled unless he paid INFANTE $10,000 cash.

13. INFANTE, using GUERRERO as a middle man, accepted cash from Person A.

14. INFANTE and YANEZ directly accepted cash from Person A.

15. In exchange for the promised and received things of value, INFANTE and YANEZ assured Person A that his company would be permitted to keep its contract with the DISD as long as Person A made the agreed-upon payments to them.

## OVERT ACTS

16. In furtherance of the conspiracy and to achieve its objects, the defendants and their co-conspirators committed the following overt acts, among others, in the Southern District of Texas and elsewhere:

17. On or about February 8, 2015, GUERRERO met with Person A at a McDonald's in Donna, Texas, during which GUERRERO told Person A that he (GUERRERO) had spoken to INFANTE about the contract that Person A's company had with the DISD, and that INFANTE had

3

told him (GUERRERO) that Person A was going to lose that contract unless Person A paid INFANTE $10,000 in cash.

18. On or about February 27, 2015, in a telephone conversation between GUERRERO and Person A, GUERRERO told Person A that INFANTE did not want to deal with Person A directly, and that he should deal with INFANTE only through GUERRERO.

19. On or about February 27, 2015, YANEZ called Person A and asked Person A to obtain for him five tickets for a comedy show that YANEZ's son wanted to attend, and five tickets to a San Antonio Spurs game that he (YANEZ) and INFANTE would attend.

20. On or about March 30, 2015, GUERRERO told Person A that INFANTE still required a payment in exchange for ensuring Person A's company could keep its contract, and GUERRERO further clarified that INFANTE wanted the "same number," that is, $10,000.

21. On or about April 1, 2015, GUERRERO met with Person A at a McDonald's parking lot in Donna, Texas, and accepted a blue bag from Person A that contained $3,000 in U.S. currency.

22. In the meeting on or about April 1, 2015, GUERRERO confirmed that the $3,000 Person A gave him was intended for INFANTE, and assured Person A that he (GUERRERO) would not keep the money for himself.

23. In the meeting on or about April 1, 2015, GUERRERO also assured Person A that INFANTE would protect the contract that Person A's company had with the DISD.

24. On or about April 1, 2015, after leaving the meeting with Person A with the blue bag of $3,000 cash, GUERRERO drove directly to INFANTE's house.

25. On or about April 8, 2015, in response to a text message from Person A asking if the "three boys [made] it home ok," INFANTE responded, "That what I understand."

26. On or about April 12, 2015, in response to an apology from Person A for not obtaining the comedy show tickets YANEZ had requested, and a question as to whether there was some way Person A could make it up to YANEZ, YANEZ asked for five tickets to an Aerosmith concert.

27. On or about April 14, 2015, during a public meeting of the Donna School Board, INFANTE made a motion to approve the DISD Superintendent's recommendation that Person A's company receive a new, separate contract, and YANEZ voted in favor of INFANTE's motion.

28. On or about May 15, 2015, Person A met with INFANTE and YANEZ while they were attending a conference in South Padre Island, Texas. During that meeting, INFANTE stressed that he wanted the remainder of his $10,000, and YANEZ solicited Person A for $10,000 for himself.

29. At the meeting on or about May 15, 2015, when Person A inquired as to how long his company's contract would be protected in exchange for the $10,000 each that INFANTE and YANEZ had demanded, they discussed how long that protection should extend.

30. On or about May 21, 2015, Person A informed INFANTE that he would be able to provide $3,500 to both INFANTE and YANEZ within a few days.

31. On or about May 26, 2015, INFANTE met with Person A and took $3,500 in an envelope from Person A, as part of the agreement to ensure Person A's company kept its contract with the DISD. At this meeting, INFANTE told Person A that he if did not provide INFANTE with the remainder of the $10,000, he would not guarantee protection for the contract.

32. On or about May 29, 2015, Person A met with YANEZ at YANEZ's house, and paid YANEZ $3,500 in cash.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### 18 U.S.C. §§ 1951, 2
### (Attempted Interference with Commerce by Extortion)

33. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Indictment as though fully set out herein.

34. At all times relevant to this Count, GUERRERO acted in concert with INFANTE, and at INFANTE's direction.

35. From in or about February 2015, through in or about May 2015, in the Southern District of Texas and elsewhere, the defendants,

**ELOY INFANTE**
**ELPIDIO YANEZ, JR.**
**and**
**JUAN ADRIAN GUERRERO**

aided and abetted by each other, knowingly attempted to obstruct, delay, and affect in any way and degree commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, defendants attempted to obtain property not due defendants or their office, from Person A and his company, with Person A's consent, under color of official right.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT THREE

### 18 U.S.C. §§ 666, 2
### (Receipt of a Bribe by Agent of Organization Receiving Federal Funds)

36. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Indictment as though fully set out herein.

37. From in or about February 2015, through in or about May 2015, in the Southern District of Texas and elsewhere, the defendant,

## ELOY INFANTE

an agent of the DISD, aided and abetted by defendant **JUAN ADRIAN GUERRERO**, did corruptly solicit, demand, accept, and agree to accept a thing of value from Person A, intending to be influenced and rewarded in connection with a transaction and series of transactions of the DISD involving $5,000 or more.

All in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2.

## COUNT FOUR

### 18 U.S.C. §§ 666, 2
### (Receipt of a Bribe by Agent of Organization Receiving Federal Funds)

38. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Indictment as though fully set out herein.

39. From in or about February 2015, through in or about May 2015, in the Southern District of Texas and elsewhere, the defendant,

## ELPIDIO YANEZ, JR.

an agent of the DISD, did corruptly solicit, demand, accept, and agree to accept a thing of value from Person A, intending to be influenced and rewarded in connection with a transaction and series of transactions of the DISD involving $5,000 or more

All in violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2.

## NOTICE AS TO CRIMINAL FORFEITURE

40. The Grand Jury realleges and incorporates by reference the allegations contained in Counts One through Four of this Indictment for the purpose of alleging forfeiture to the United States

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

41.     The Grand Jury further finds probable cause to believe that upon conviction of a violation of Title 18, United States Code, Section 371, set forth in Count One of this Indictment, a violation of Title 18, United States Code, Section 1951, set forth in Count Two of this Indictment, or a violation of Title 18, United States Code, Section 666(a)(1)(B), set forth in Counts Three and Four of this Indictment, the defendants,

**ELOY INFANTE**
**ELPIDIO YANEZ, JR.**
**and**
**JUAN ADRIAN GUERRERO**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  Such forfeitable property includes, but is not limited to, a sum of money equal to at least the amount of proceeds, real or personal, obtained as a result of the offenses, for which the defendants are jointly and severally liable.

42.     If any of the property described above, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b). All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

RAYMOND HULSER, CHIEF
PUBLIC INTEGRITY SECTION

_____
LEO J. LEO III
ASSISTANT U.S. ATTORNEY

by _____ w/permission
MONIQUE ABRISHAMI
TRIAL ATTORNEY
PUBLIC INTEGRITY SECTION